FILED
NOV 21 2013
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Candis O. Ray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1834 |
| ) | |
| Jack H. Olender, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a resident of Hickory, North Carolina, sues Jack H. Olender, an attorney in the District of Columbia, for "Libel and Defamation of Character, causing extreme damage to Plaintiff." Compl. at 1. She seeks $5 million in damages. *Id.* at 14. The complaint stems from (1) arguments Olender advanced on behalf of his client in defending a case plaintiff had filed in this Court (*Ray v. Kansas City Stock Yard Co. of Maine*, No. 187-65), and (2) a "counter suit" Olender filed on behalf of the owner of the company defendant (*Graze v. Ray*, No. 737-65), which plaintiff alleges was retaliatory and filed "to try to force her into dropping her [copyright infringement] suit." *See* Compl. at 1-2 & Attachments. It appears that both cases were filed in 1965 and concluded that year with a settlement. *See* Ex. 1 (Judgments); Ex. 2 (Sept. 4, 1965 letter of proposed settlement).

1

This action fails for two reasons. First, the instant complaint lodged with the Clerk on October 17, 2013, is barred by the District of Columbia's one-year statute of limitations applicable to defamation actions, and plaintiff has not stated a basis for tolling the limitations period. *See* D.C. Code § 12-301(4) (right to maintain action "for libel [and] slander" is limited to one year from accrual); § 12-302 (person who at time of accrual is under age 18, mentally incompetent, or imprisoned may bring an action "within the time limited after the disability is removed"). Second, "the District of Columbia has long recognized an absolute privilege for statements [as alleged here] made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relation to the proceeding." *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001), *overruled on other grounds by McNair Builders, Inc. v. Taylor*, 3 A.3d 1132 (D.C. 2010); *see Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988) ("In this jurisdiction, an attorney 'is protected by an absolute privilege to publish false and defamatory matter of another' during the course of or preliminary to a judicial proceeding, provided the statements bear some relation to the proceeding.") (quoting *Mohler v. Houston*, 356 A.2d 646, 647 (D.C. 1976)) (other citation omitted).

Even if plaintiff could somehow overcome the statute of limitations bar, her defamation claim is barred nonetheless by the judicial proceedings privilege. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 29, 2013

United States District Judge